## SARAH OSTERHOUT v. ELIJAH OSTERHOUT.

1. WIFE, *Guilty of Gross Neglect of Duty.* While, as a general rule, the duty of family support rests upon the husband, yet when by the joint labor and economy of husband and wife for years a property has been accumulated, each has a right to have that property used for maintenance and support in the weakness and feebleness of old age; and when the husband is old and feeble, and the wife younger and comparatively stronger and more vigorous, and by importunity, threats and promises obtains from him the full possession and control of all the property, the same being sufficient to furnish reasonable support for both, and then refuses to use any of such property for his support, and turns him out of

their house to depend on the charity of friends, she is guilty of a gross neglect of duty.

2. GROSS NEGLECT OF DUTY, *Within the Statute.* When a wife trumps up a false charge of insanity against her husband, and by strategy secures his confinement in an insane asylum, and all for the sake of getting rid of his presence and the burden of his support, and to secure to herself the full and sole use and enjoyment of the property the two have earned during their married life, she is guilty of gross neglect of duty within the scope of the statute concerning divorce.

### *Error from Shawnee District Court.*

ACTION for divorce, brought by *Elijah Osterhout* against *Sarah Osterhout.* June 2, 1883, the court overruled defendant's demurrer to the petition. This ruling she brings to this court. The opinion states the facts.

*Z. T. Hazen,* and *S. B. Isenhart,* for plaintiff in error.
*Welch & Welch,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action for divorce, brought by defendant in error, plaintiff below. A demurrer to the petition was overruled, and defendant alleges error. The grounds stated are extreme cruelty and gross neglect of duty. It is not claimed that a general allegation to that effect is sufficient, but it is contended that the facts stated bring the defendant's conduct within one or both of these grounds of divorce.

We shall not attempt to narrate all the matters detailed in the petition, but shall simply indicate the general scope of the charges. The parties were married some forty years ago. He is an old man seventy years of age, feeble in body and mind, and needing the care and attention of some one younger and more vigorous than himself. She is fifteen years younger, and strong and vigorous in body and mind. At the time of their marriage neither had any property, but through their joint labors and economy they had accumulated about six thousand dollars, which was principally invested in real es-

tate, held in his name. She determined to obtain the title and control of all the property and then turn him upon the charity of his friends. By persistent importunity, by threats and by promises that she would use the property for their mutual benefit, and take care of him as love and affection would suggest, she finally obtained title and control of all the property. As soon as this was accomplished she commenced a series of abuses intended to make his life intolerable, told him he must go out and work with his hands for a living, and finally ordered him out of their home, giving him twenty dollars to take him to his friends in the east. Instead of going east, plaintiff went to the house of a friend near by, where he became sick, and was cared for by such friend. Hearing of this, defendant persuaded him to return, promising kindness and care. Upon his return she conceived the idea of having him confined in the insane asylum upon a false charge of insanity, and finally succeeded in carrying out this scheme and secured his confinement in the asylum, from which he was discharged only upon legal process instituted by his friends.

This in substance is the scope of the charges in the petition. Does it present such a case of cruelty and neglect of duty as under the statute entitles him to a divorce? We think it does. While doubtless as a general rule the duty of family support rests on the husband, yet there are exceptions and limitations. When by a long life of labor and economy a little property has been accumulated, each has a right to have that property used for support and maintenance in the weakness and feebleness of old age. Such is his condition. She is younger, and comparatively strong and vigorous. Under those circumstances she manages to acquire possession of the property, and then refuses to use it for his support. She turns him out of his home, and seeks to cast his care and support upon distant friends. Surely this is a gross breach of marital obligation. Finding herself foiled in this, she trumps up a false charge of insanity, and secures his confinement in the asylum. She is responsible for both the burden of the

confinement and the disgrace of the charge. Is this the love and care which a wife owes to her husband? It is true, insanity is no crime, but it is a burden and a cloud. It excludes from social relations, causes the unfortunate sufferer to be shunned, and leads to what is almost prison life. Surely, a wife who trumps up a false charge of insanity against her husband, and by strategy secures his confinement in an asylum, and all that she may be rid of his presence and have the full and sole enjoyment of the property which the two have accumulated, has been guilty of a gross neglect of duty.

It may be that when the testimony is presented it will not substantiate these charges; we trust for the sake of common humanity that it will turn out that he is mistaken. But for the present, and upon the demurrer, they must be taken as true; and if the testimony establishes them, he is entitled to a release from all marital obligations to one guilty of such wrongs.

The judgment of the district court will be affirmed.

All the Justices concurring.